292 So.2d 210 (1974)
STATE of Louisiana
v.
Frank NAVARRE.
No. 54139.
Supreme Court of Louisiana.
March 25, 1974.
*211 Gerald P. Theriot, Houma, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Frank Navarre was tried under a bill of information charging him with simple burglary. R.S. 14:62. He was convicted after a trial by jury and sentenced to serve nine years imprisonment at hard labor. Defendant appeals, relying on a single perfected bill of exceptions.
This bill was reserved when the trial judge denied a motion to recuse himself. The motion was grounded on alleged prejudice stemming from the fact that the judge had presided over a prior trial where the defendant had been found guilty.
The mere fact that a judge has presided over a prior criminal proceeding involving the defendant does not establish that he had developed bias or prejudice to such an extent that he would be unable to conduct a fair and impartial trial. This interest must be of a substantial nature to constitute grounds for disqualification. See Official Revision Comment to article 671(1) C.Cr.P.; State v. Austin, 258 La. 273, 246 So.2d 12 (1971). Defendant moved for a new trial grounded on the denial of the above motion. He failed to allege, however, one instance of bias or lack of impartiality on the part of the judge in conducting the trial. This bill is without merit.
We note that the record indicates that the defendant was sentenced without being given or having waived the twenty-four hour delay provided in article 873 C.Cr.P.
For the reasons assigned the conviction is affirmed, and the sentence is set aside. The case is remanded for sentencing in accordance with law.