377 So.2d 283 (1979)
STATE of Louisiana
v.
Robert Lee WYMORE.
No. 64605.
Supreme Court of Louisiana.
November 1, 1979.
Rehearing Denied December 13, 1979.
*284 Robert R. Faucheux, Jr., Reserve, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry J. Morel, Jr., Harry Morgan, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
SUMMERS, Chief Justice.
After trial on a charge of simple burglary on February 13, 1979 defendant Robert Lee Wymore was found guilty as charged. Thereafter the prosecutor charged him as a multiple offender and he was sentenced to fifty years without the benefit of parole, probation or suspension of sentence.
These facts are shown by the evidence at trial. At approximately 8:30 on the evening of August 4, 1978 the residence of Charles Hymel in Luling was burglarized, ransacked and set afire. Jewelry, a suitcase, and several rifles were taken. Four days later in the course of an investigation by the sheriff's office in an unrelated matter, on the basis of information received from a confidential informer, the authorities converged on the Matis trailer park between Hahnville and Luling. There they found Richard Passino in possession of one of Hymel's rifles. Passino gave them the name of defendant, who lived in the same park. Shortly thereafter defendant was arrested at the door of his trailer house. With defendant's consent the authorities searched the trailer and uncovered Hymel's jewelry and suitcase.
The next morning defendant gave a full confession (the first of four) to the Hymel burglary. Later that day he led the authorities to the last of Hymel's guns cached in the woods surrounding the trailer park.
A motion to suppress his confession was filed in advance of trial by defendant. The motion was denied and writs to this Court were denied. The evidence and defendant's early morning statement formed the heart of the State's case.
Defendant contested the validity of his confession. Although he did not take the stand, Steven Lane, who was arrested at the trailer park at the same time on a charge of desertion from the Navy, testified on defendant's behalf. When they were brought to the sheriff's office he testified defendant "told me that the reason why he confessed was so he could get his wife off the hook ... so she wouldn't be charged with this instead of him, and at that time he was told that ... the State would take over his little girl ...."
A number of errors are charged to the proceedings in the trial court which have no merit and do not warrant discussion in this opinion. The opinion is therefore limited to the following assignment of error.
Defendant contends error occurred because the trial judge failed to appoint a sanity commission to determine the defendant's mental condition, although a continuance of the case was granted for that reason.
There is no defense motion for continuance in this record. Nor does the record contain a motion for appointment of a sanity commission. Defendant did not plead not guilty and not guilty by reason of insanity, having simply pled not guilty. In brief defense counsel represents that the *285 trial judge stated after the hearing on the motion to suppress defendant's confession that the case "was continued due to the fact that the defendant did not possess the proper mental attitude and state of mind, or capacity."
When defendant's mental capacity was questioned, defense counsel argues, it was necessary for the trial judge to rule on that question before proceeding with the case, as required by Article 642 of the Code of Criminal Procedure.[1]
Review of the transcript on the motion to suppress does not support counsel's assertion that the trial judge questioned defendant's mental capacity. To the contrary, in denying the motion to suppress, the trial judge based his ruling in part on the fact that the defendant was competent and had the mental capacity to understand the nature of the proceedings and to understand the consequences of the confession which the trial judge held to be free and voluntary. He said,
"Also, the court has been able to not only on this occasion here today but on prior occasions, been well aware of the physical appearance, the demeanor, the age, the intelligence and the general mental condition of the defendant and the court feels that the defendant is capable, is intelligent, completely able to understand the English language, and without a shadow of a doubt is able to understand and comprehend the Miranda warnings and statements that were made by him."
Furthermore, defendant was himself knowledgeable in such cases. In addition to his articulate and lucid testimony, while testifying at the motion to suppress, he prepared without assistance of counsel and had filed by his counsel a motion for a speedy trial, a motion to dismiss the prosecution, and a motion to recuse the trial judge. All this the trial judge knew and knowing this he did not question defendant's mental competence or capacity to stand trial.
Although we find no merit in the remaining assignments of error, our review of the pleadings and proceedings disclose that the minutes of court at the sentencing hearing record the sentence imposed in this case to be "50 years at Hard Labor with Dept. of Corrections without a benefit of parole, probation or suspension." This sentence was imposed under Section 529.1A(3) of Title 15 of the Revised Statutes. No authority for the judge to sentence without benefit of suspension of sentence, probation and parole is found in the sentence prescribed there. The case must therefore be remanded to the trial court to correct the sentence in that respect, amending same to delete the prohibition against suspension, probation and parole. La.Code Crim.Pro. arts. 872, 920.
For the reasons assigned the conviction is affirmed. The case is remanded to the trial judge to correct the sentence in accordance with the reasons assigned.
NOTES
[1] Code of Criminal Procedure Art. 642 provides:

"The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed."