382 So.2d 936 (1980)
STATE of Louisiana
v.
Bennie Ray CAIN.
Nos. 66048, 66049.
Supreme Court of Louisiana.
April 7, 1980.
*937 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul J. Carmouche, Dist. Atty., Dale G. Cox, Asst. Dist. Atty., for plaintiff-appellee.
Donald R. Minor, Shreveport, for defendant-appellant.
CALOGERO, Justice.[*]
On December 1, 1978, defendant Bennie Ray Cain was charged by bill of information with two counts of distribution of cocaine. On February 4, 1979 he was indicted by a grand jury for the crime of distribution of heroin. On May 14, 1979, defendant pled guilty to possession of heroin and one count of distribution of cocaine. Defendant was sentenced to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence for the heroin offense, this sentence to run consecutively to any other sentence imposed (defendant has an unexpired parole term for a 1973 conviction). For the cocaine conviction defendant received twenty years at hard labor to run consecutively to the sentence for the heroin offense. Defendant on appeal contends that the trial court erred in failing to properly consider as an alternative to prison, placing defendant in a drug rehabilitation program pursuant to C.Cr.P. art. 893(B)[1] and that the sentence defendant received was excessive in violation of Article I, Section 20 of the Louisiana Constitution. We find no merit in either of defendant's contentions.
Defendant at the time of his arrest was on parole for a 1973 conviction for possession of cocaine with intent to distribute. On August 10, 1978, fifteen months after being released from prison on the 1973 charge, defendant sold thirteen grams of cocaine to a Drug Enforcement Administration Agent for $1,300.00.[2]
One week later on August 17, 1978, defendant sold three ounces of cocaine to the same agent for $3,300.00. In September, 1978 local police found some marijuana in a search of defendant's house. At this time defendant agreed to keep local agent James Burney informed of drug transactions in the area. In return Burney intervened with Cain's parole officer to keep the parole board from immediately revoking defendant's probation and returning him to prison. Despite the fact that he was not authorized by agent Burney to engage in drug transactions, defendant made arrangements to sell a quantity of heroin to the DEA agent he *938 had sold the cocaine to without telling agent Burney what he was doing. During these negotiations Cain represented to the DEA agent that he had connections in California from which he could obtain $100,000.00 worth of heroin. On October 24, 1978, defendant was arrested while in possession of a quantity of heroin which he had agreed to sell to the DEA agent for $1,300.00.
After reviewing the record and the trial court's reasons for the sentence he imposed we cannot say that the trial court abused its discretion in concluding that the best interests of society and defendant would not be served by suspending defendant's sentence and placing him in a drug rehabilitation program. C.Cr.P. art. 893(B). The trial court found that defendant would probably commit a similar offense if given the opportunity. The court found no mitigating circumstances in defendant's conduct and noted that after being given a break by agent Burney when he was arrested for possession of marijuana, Cain continued to make arrangements to sell heroin. While the court did not believe that defendant had engaged in transactions involving sums as large as $100,000.00 dollars, these representations are evidence of defendant's propensity to sell narcotics and belies defendant's contention that he sold drugs only to support his habit. The court found that defendant was not "a small man in the drug traffic in our community" and that a suspended sentence would deprecate the seriousness of defendant's crime. C.Cr.P. art. 894.1.
For many of the reasons discussed previously we are satisfied that the sentence imposed by the court was not excessive in violation of Article I, Section 20 of the Louisiana Constitution. The trial judge properly considered the guidelines contained at C.Cr.P. art. 894.1 and articulated his reasons for imposing the sentence he imposed. After hearing testimony at the sentencing hearing from defendant, defendant's wife, defendant's parole officer, a counselor from a drug rehabilitation program and two narcotics officers, the court found that the only C.Cr.P. art. 894.1 factor favorable to the defendant was that his incarceration would be a hardship on his wife and children. However, after weighing the needs of his family against the needs of society the judge concluded that incarceration for a considerable period of time was required. He thus imposed consecutive sentences.
Ordinarily when a defendant is convicted for several crimes arising out of the same course of conduct in a relatively short period of time, concurrent rather than consecutive sentences should be imposed. State v. Cox, 369 So.2d 118, 124 (La.1979). However, in this case we are not offended by the trial court's imposition of consecutive sentences. Defendant Cain is not a first offender. His total sentence did not exceed the maximum term he could have been given for the most serious crime that he committed. Defendant also received considerable relief when the state agreed to reduce the distribution of heroin charge to possession of heroin, to drop one charge of distribution of cocaine and not to prosecute defendant as a multiple offender. If defendant had been convicted of the distribution of heroin charge alone, he would have received a mandatory life sentence without probation, parole, or suspension of sentence. R.S. 40:966(B)(1).
Finally we note that defendant's sentence of ten years at hard labor without benefit of probation, parole, or suspension of sentence for possession of heroin is improper. Withholding parole availability is not sanctioned by the penalty provision of R.S. 40:966(C)(1) which provides:
"A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk `*'), shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than five thousand dollars."
While defendant failed to object to the sentence insofar as it disallowed parole *939 nor did he argue this error in brief, this Court can on its own motion review errors discoverable by a mere inspection of the pleadings, such as a sentence not sanctioned by statute. C.Cr.P. art. 920(2), State v. Wymore, 377 So.2d 283 (La.1979); State v. Lindsey, 351 So.2d 1178 (La.1977). Therefore we remand the case to the trial court for reimposition of the sentence in accordance with the law.

Decree
For the foregoing reasons defendant's twenty-year sentence for distribution of cocaine is affirmed. The sentence imposed for possession of heroin is vacated and set aside, and the case is remanded to the district court for resentencing in accordance with R.S. 40:966(C)(1).
SENTENCE AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR REIMPOSITION.
NOTES
[*] The Honorable Edward A. de la Houssaye, III participated in this decision as an Associate Justice pro tempore.
[1] C.Cr.P. art. 893(B) authorizes a judge to suspend the sentence of a multiple offender who has violated the Controlled Dangerous Substances Law of Louisiana if he determines that it is in the best interest of society and the defendant to place defendant in an authorized state or federal drug rehabilitation program rather than sentencing defendant to prison.
[2] Defendant testified at the sentencing hearing that he never sold any cocaine to the agent. He contended that he had represented to the agent that he was selling him cocaine, but the substance he sold him was actually a combination of bonita and milk sugar which looked like cocaine. He also claimed that he arranged to sell the heroin to the federal agent pursuant to instructions of a state narcotics agent. The trial judge did not believe him.