PER CURIAM.
Defendant was charged by bill of information with ten counts of felony theft in violation of La.R.S. 14:67. The charges arose out of a flurry of bad-check writing in New Orleans in November and December of 1977, and early January of 1978. The state dismissed one of the counts prior to trial and then brought defendant before a jury on July 20, 1978. He was found guilty as charged on all nine counts. On January 7, 1981, after a delay occasioned by defendant’s inadvertent release from the parish prison in New Orleans and his subsequent conviction in Georgia on another bad-check charge, the trial court sentenced defendant to five years’ imprisonment at hard labor on each count, the sentences to run consecutively. Defendant has now appealed his convictions and sentences to this Court, arguing that the penalties imposed on five of the counts are illegal, and that his total sentencing liability of 45 years at hard labor is excessive. We agree with defendant that the majority of his sentences are illegal, and therefore remand for resentencing. Accordingly, we do not reach the merits of his excessiveness claim at this time.
Counts two, seven, eight, nine and ten in the bill of information charged defendant with theft of amounts which varied from $245.80 to $461.84, but never exceeded $500.00. La.R.S. 14:67 provides in this regard that “[w]hen the misappropriation or taking amounts to a value of one hundred dollars, or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years.... ” Defendant’s sentences on these five counts are therefore clearly illegal, an error that can be corrected at any time, including on appeal. State v. Cain, 382 So.2d 936 (La.1980); State v. Wymore, 377 So.2d 283 (La.1979).
The trial court’s lawful sentences on the four remaining counts, and its decision to run all penalties consecutively with each other, may have been influenced by its incorrect view of the seriousness of defendant’s criminal transaction as a whole. Cf., State v. Spruell, 403 So.2d 64 (La.1981). Therefore, we affirm defendant’s convictions but vacate all of defendant’s sentences and remand this case to the trial court for resentencing in accord with the views expressed herein.
CONVICTIONS AFFIRMED: SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.