436 So.2d 718 (1983)
STATE of Louisiana
v.
Henry LEE.
No. KA-0422.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 1983.
Harry F. Connick, Dist. Atty. of Orleans Parish, William R. Campbell, Jr., John H. Craft, Asst. Dist. Attys., of Orleans Parish, New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, BARRY and BYRNES, JJ.
*719 BARRY, Judge.
Defendant, Henry Lee, was convicted of theft (LSA-R.S. 14:67) and sentenced to five years at hard labor. The sentence was suspended subject to five years active probation with one year in Parish Prison.[1] As a condition of probation, defendant was ordered to pay $3,000 to the owner of the stolen property by July 15, 1982. On September 15, 1982 the probation was revoked for failure to make restitution and the five year sentence was made executory.
Lee's only assignment of error is that the trial court imposed an excessive and unreasonable sentence. Specifically, he argues the condition of probation, i.e., that he pay $3,000 within thirteen days of sentencing, even though he was indigent and in jail, is an unreasonable and illegal condition of probation.
The condition of probation raises a serious question, but we need not reach that issue because our review of the record has disclosed an error patent: imposition of an illegal sentence.
At the sentencing hearing the Trial Judge, after reading through a list of defendant's prior convictionspossession of firearms, simple robbery, auto burglary, altering a U.S. checkthen suspended the five year sentence. Code of Criminal Procedure Art. 893 allows a Trial Judge to suspend the sentence "for the first conviction only" which divests the sentencing judge of discretion to suspend a sentence upon conviction of a second felony offense. State v. Wimberly, 414 So.2d 666 (La.1982). The court was without authority to suspend defendant's sentence.[2]
Additionally, although the conviction itself was not assigned as error, we have reviewed the record for sufficiency of evidence in accordance with State v. Raymo, 419 So.2d 858 (La.1982). We find that viewing the evidence in the light most favorable to the State, a rational finder of fact could have found that each and every element of theft has been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Fuller, 414 So.2d 306 (La. 1982).
The conviction is affirmed: the sentence is vacated and the case remanded for resentencing.
CASE REMANDED FOR RESENTENCING.
NOTES
[1] The transcript of the sentencing hearing indicates that as an additional condition of probation, the Trial Judge imposed a two year term of imprisonment. This condition is illegal, in violation of LSA-C.Cr.P. Art. 895(B) which limits incarceration to one year. However, the minute entry and defendant's brief both state defendant was sentenced to one year.
[2] During argument the Court advised defendant's counsel of the illegal sentence and he conceded the error.