WARD, Judge.
On November 30, 1981, Edward Jones was arrested by New Orleans police officers for simple theft. During a search incident to arrest, the officers discovered a disposable syringe containing a liquid later identified as pentazocine, commonly known as Talwin. On July 9, 1982, Jones pled guilty to a violation of La.R.S. 40:967, possession of pentazocine. After being adjudicated as a second felony offender, Jones was sentenced to serve five years at hard labor in the custody of the Department of Corrections for the State of Louisiana.
*424 On appeal, Jones argues that the Trial Judge erred in not considering placement of the defendant on probation with participation in a drug dependency treatment program pursuant to Louisiana Code of Criminal Procedure Article 893(B). Jones also argues that the. five year sentence imposed is excessive under Louisiana Code of Criminal Procedure Article 894.1 and Article I, Section 20 of the Louisiana Constitution of 1974.
Probation, conditioned upon treatment for an addiction, was a permissible alternative within the discretion of the Trial Judge. Louisiana Code of Criminal Procedure Article 893(B) states that when it is in the best interest of the public and the defendant, a judge may suspend the execution of the sentence of a multiple offender who has been convicted in the instant offense of a violation of the Controlled Dangerous Substance Law and place the defendant on probation if he intends to participate in an authorized drug rehabilitation program. At his sentencing hearing, Jones introduced evidence that, at some undetermined earlier date, Jones had written a letter to the Veterans Administration Drug Dependency Program to request help with his drug problem. A worker with the Program testified that the Program would accept Jones for drug abuse therapy. The trial judge regarded the evidence as irrelevant because the date of Jones’ letter was not established.
The decision of whether to suspend a multiple offender’s jail sentence and allow him to participate in a drug rehabilitation program is within the trial court’s discretion. State v. Cain, 382 So.2d 936 (La.1980); See State v. Schaeffer, 414 So.2d 730 (La.1982). Although Jones had indicated a willingness to participate in a drug program by writing to the Veterans Administration Drug Dependency Program, the date of that letter was not established, leaving open the possibility that the letter was written long before the arrest on the instant charge and that Jones failed to act on the information that he would be accepted in the program. The Trial Judge indicated that had Jones gone beyond merely writing the letter and had he taken substantial steps toward helping himself with his drug problem, the Court might have considered probation. The Trial Judge was not convinced he did more, and he declined to give a probationary sentence. Nonetheless, he did consider the alternative of placing Jones on probation. A decision to deny it was within the discretion afforded the Trial Judge, and Jones has not shown abuse of it or error.
We now address Jones’ argument that his sentence is excessive under Louisiana Code of Criminal Procedure Article 894.1 and Article 1, Section 20 of the Louisiana Constitution of 1974. The maximum penalty for possession of pentazocine is five years with or without hard labor and a fine of $5,000. R.S. 40:967. As a second felony offender, however, Jones may be sentenced to a term of not less than twenty months nor more than ten years. R.S. 15:529.-1(A)(1). In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court held that a sentence may be excessive even though it is within the statutory limits. The Court also recognized that the statutory criteria legislatively provided by Code of Criminal Procedure Article 894.1 are the appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive. The guidelines in the statute were designed to guide and assist the Trial Courts in exercising their sentencing discretion, as well as to assist the appellate court in reviewing the exercise of that discretion. If the Trial Judge imposes a sentence without adequate compliance with 894.1, he must state the considerations and factual basis for his sentence. State v. Cox, 369 So.2d 118 (La.1979).
In the instant case, the Trial Judge failed to comply with 894.1, and did not state any factual basis for the length of the sentence imposed. The Supreme Court has indicated, however, that a remand for a more complete compliance with Article 894.1 is not necessary when the sentence imposed is not apparently severe nor grossly out of proportion to the crime. State v. *425 Russel, 397 So.2d 1319 (La.1981); State v. Jones, 381 So.2d 416 (La.1980); State v. Day, 391 So.2d 1147 (La.1980). Considering that the range of a permissible sentence in this case is from twenty months to ten years, we are unable to find that the imposition of a five year sentence is apparently severe.
Accordingly, a remand for compliance with 894.1 is not necessary and the defendant’s sentence is affirmed.