KNOLL, Judge.
The defendant, Calvin Dunn, was convicted of aggravated battery, a violation of LSA-R.S. 14:34. Defendant appeals his conviction alleging three assignments of error:
(1) In denying his motion to quash and motion for a new trial premised on a plea of double jeopardy;
(2) In denying a motion for a new trial alleging that the trial court commented on evidence during defendant’s closing argument; and,
(3) In denying defendant’s motion for post-conviction acquittal because insufficient evidence was introduced to persuade a reasonable trier-of-fact of defendant’s guilt beyond a reasonable doubt.
We affirm.
FACTS
On the evening of June 4, 1983, Dunn was drinking in Dorothy Howard’s bar in Jena. Some LaSalle Parish deputies testified that Dunn told them he drew a knife from his pocket and cut Elijah Nelson, Jr., from the ear to the lower lip because Nelson cursed Dunn’s mother. When the deputies arrived, Dunn was still near the scene of the crime and, after stating that he cut Nelson, he handed the pocket knife to Deputy James Smith.
Dunn was arrested and charged with aggravated battery and carrying a concealed weapon by a convicted felon. He was first tried on the latter charge but that trial was never completed for reasons explained infra. He was tried and convicted of aggravated battery, by a six-member jury, and sentenced by the trial judge to serve seven and one-half years at hard labor.
ASSIGNMENT OF ERROR ONE
Dunn argues that his prosecution for aggravated battery is barred by double jeopardy. He was charged by two bills of information for two separate offenses arising from the incident in which he cut Nelson’s face.
Dunn was charged with carrying a concealed weapon by a convicted felon, a violation of LSA-R.S. 14:95.1. He was brought to trial on that charge on September 23, *1303 1983; a jury was empanelled, and the taking of evidence was begun but the case was recessed to allow the State to seek writs on a critical evidentiary matter. The writs were disposed of, but the trial has not resumed.
Dunn’s prosecution on the charge of aggravated battery commenced on October 18, 1983. He argues that this prosecution is barred by double jeopardy because of the first prosecution of carrying a concealed weapon by a convicted felon. We disagree.
No person shall be twice put in jeopardy of life or liberty for the same offense. Amendment V, United States Const.; Art. I, § 15, La. Const.; LSA-C.Cr.P. Art. 591. In Louisiana, the statutory limitation on the prohibition against double jeopardy is provided in LSA-C.Cr.P. Art. 596 as follows:

“Double jeopardy exists in a second trial only when the charge in that trial is:

(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or

(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial. ”
The test for determining whether two offenses are distinguishable was stated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):
.. where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not....”
See also, State v. Littleton, 436 So.2d 500 (La.1983); State v. Solomon, 379 So.2d 1078 (La.1980).
Battery is defined in pertinent part in LSA-R.S. 14:33 as “... the intentional use of force or violence upon the person of another; _” Aggravated battery is defined as "... a battery committed with a dangerous weapon.” The carrying of a concealed weapon by a convicted felon is provided in pertinent part in LSA-R.S. 14:95.1:
“A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon. ”
A conviction of an aggravated battery requires proof that (1) a battery was committed (2) upon the person of another and
(3)with a dangerous weapon. A conviction of carrying a concealed weapon by a convicted felon requires proof that (1) defendant is a felon convicted of one of the enumerated crimes in R.S. 14:95.1, and (2) defendant was carrying a concealed weapon. Each crime requires proof of additional facts which the other does not; therefore the accused may be tried and convicted on both offenses. This assignment of error is without merit.
ASSIGNMENT OF ERROR TWO
Dunn contends that the trial court improperly commented on the evidence during defendant’s closing argument. We pre-termit discussion of this issue because Dunn failed to raise a contemporaneous objection at trial and has therefore failed to preserve this issue for appellate review. *1304 LSA-C.Cr.P. Art. 841; State v. Webb, 419 So.2d 436 (La.1982).
ASSIGNMENT OF ERROR THREE
Dunn argues that there was insufficient evidence presented to persuade a reasonable trier-of-fact of his guilt beyond a reasonable doubt. We disagree.
When appellate courts review a conviction for a determination of whether sufficient evidence was presented to prove defendant’s guilt beyond a reasonable doubt, the applicable standard is articulated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):
“[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ”
The evidence at trial shows beyond a reasonable doubt, when viewed in a light most favorable to the prosecution, that Dunn cut Nelson’s face with a knife. Several eyewitnesses testified that Dunn cut Nelson without provocation and that Nelson only held a beer can in his hand when Dunn attacked. When the police arrived, Dunn readily admitted that he cut Nelson and surrendered the pocket knife to the investigating officers.
After - the State rested its case-in-chief, the defendant presented one witness who testified that he saw whiskey and beer bottles in the bar a few months before the offense. The defendant then rested his case. In his brief to this Court, defendant contends Nelson attacked him with a beer bottle. The defendant presented no evidence at trial of an attack by Nelson with a beer bottle. To the contrary, the eyewitnesses testified that Nelson was holding a sixteen ounce can of Miller beer and had done nothing to provoke Dunn's attack. The State clearly met its burden of proof and the jury had sufficient evidence to convict Dunn of aggravated battery. This assignment of error is without merit.
Defendant’s conviction and sentence are affirmed.
AFFIRMED.