457 So.2d 1238 (1984)
STATE of Louisiana
v.
Tonja STAMPLEY.
Nos. 84-KA-0154 to 84-KA-0159.
Court of Appeal of Louisiana, First Circuit.
October 9, 1984.
*1239 Ossie Brown, Dist. Atty. by Michael Erwin, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
Tonja Stampley pleaded guilty to two separate offenses of forgery, two separate offenses of felony theft, and two separate offenses of misdemeanor theft, respective violations of LSA-R.S. 14:72 and 14:67 and all committed over a year and a half period from July 1981 to February 1983.[1]
After a proper Boykin examination, the trial judge accepted her plea and sentenced her to ten years imprisonment at hard labor for the two forgery convictions, and two years imprisonment at hard labor for one of the felony theft convictions, all three sentences to run consecutively. He sentenced her to eighteen months imprisonment at hard labor for the remaining felony theft conviction, and five months imprisonment for each of the misdemeanor theft convictions, with these latter sentences to run concurrently with the former.[2]
Stampley now appeals, contending first that the trial judge failed to comply with *1240 the requirements of LSA-C.Cr.P. art. 894.1, and second that he imposed an excessive sentence when he imposed the maximum prison term for three of her convictions and made them consecutive.
Under Article 894.1, the trial judge should consider three basic factors before imposing a prison sentence: (1) that there is an undue risk that the defendant will commit another crime during the period of suspension or probation, (2) that the defendant is in need of services of a custodial environment provided most effectively by a commitment to an institution, and (3) that a lesser sentence would deprecate the seriousness of the crime. The trial judge should also consider and accord some weight to other factors, such as the defendant's prior criminal record, the seriousness of the offense, the defendant's personal history and his potential for rehabilitation, though he need not state them all for the record. See State v. Knox, 425 So.2d 707 (La.1982); State v. Lang, 430 So.2d 1239 (La.App. 1st Cir.1983). But he must state for the record those considerations taken into account and the factual bases supporting his sentencing choice.
If the trial judge chooses a prison term, he should reserve the maximum sentence "for the most egregious and blameworthy of offenders within a class." State v. Telsee, 425 So.2d 1251, 1253 (La.1983). See also State v. Jones, 398 So.2d 1049 (La.1981). However, under LSA C.Cr.P. art. 883, concurrent rather than consecutive sentences should be imposed only for convictions arising out of a single course of conduct, unless there exists some specific reason for imposing consecutive sentences. Article 883 specifically states that "[o]ther sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently" (emphasis added). See also State v. Armstead, 432 So.2d 837 (La.1983); State v. Rivers, 446 So.2d 913 (La.App. 1st Cir.1984).
At the sentencing hearing in the instant case, the trial judge considered and based the sentences imposed on the following factors: The defendant has been arrested at least 33 times, 28 of those for forgery and theft. She has been convicted several times for theft and forgery, and has still more felony charges pending. She is an admitted drug user, does not work, has no work record, and in the words of the trial judge, "apparently just makes her income by stealing."
In light of these facts, the trial judge adequately complied with the requirements of Article 894.1 and did not abuse his sentencing discretion in imposing the maximum sentence. The defendant's extensive criminal record indicates both the worst kind of habitual offender and a likelihood of repeated future offenses. Moreover, the present convictions arose out of a series of separate offenses extending over a year and a half period, and not out of a single course of criminal conduct. Therefore, the trial judge did not abuse his discretion in imposing maximum consecutive sentences for three of the defendant's six convictions.
Accordingly, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] The bill of information filed September 17, 1981, charges Stampley with forgery of a check on or about July 20, 1981.

The bill of information filed July 29, 1982, charges her with felony theft of assorted children's clothes valued at less than $500.00 but more than $100.00 on or about June 5, 1982.
The bill of information filed August 11, 1982, charges her with misdemeanor theft of merchandise valued at less than $100.00 on or about July 12, 1982.
The bill of information filed August 25, 1982, charges her with misdemeanor theft of goods valued at less than $100.00 on or about April 27, 1982.
The bill of information filed December 7, 1982, charges her with felony theft of merchandise valued at less than $500.00 but greater than $100.00 on or about October 21, 1982.
The bill of information filed February 24, 1983, charges her with forgery of a check on or about February 6, 1983.
[2] The court minutes incorrectly record the sentence for the second felony conviction to run consecutively with the other convictions. At the sentencing hearing, the trial judge specifically ordered that the 18-month prison term is to run concurrently with the other sentences.

Moreover, the misdemeanor theft convictions are nonappealable. However, in the interest of judicial economy, we have consolidated all six convictions and sentences for review.