EDWARDS, Judge.
Charles Williams was convicted of manslaughter under LSA-R.S. 14:31, a responsive verdict to the charge of second degree murder for which he was originally indicted and tried. See LSA-C.Cr.P. art. 814. The trial court sentenced him to ten years imprisonment at hard labor and enhanced his sentence under LSA-C.Cr.P. art. 893.1 to be served without benefit of probation, parole, or suspension of sentence, because the defendant used a firearm in the commission of the crime. The trial court also sentenced the defendant to an additional consecutive two year term of imprisonment at hard labor without benefit of parole, probation, suspension of sentence, or credit for good time, under LSA-R.S. 14:95.2.
Defendant appeals, contending in his only assignment of error that the trial court illegally enhanced the sentence under art. 893.1 because he has a prior felony conviction. We agree.
Article 893.1 mandates the enhancement of a sentence to one of two specific minimum terms, without benefit of probation, parole or suspension of sentence, whenever “the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited.” By the plain words of the statute, the enhancement provisions of article 893.1 do not apply if the suspension of a defendant’s sentence is already prohibited by some other law. See also State v. Victorian, 448 So.2d 1304, 1307 (La.App. 3rd Cir.1984), on rehearing, writ denied, 452 So.2d 167 (La.1984).
Under LSA-C.Cr.P. art. 893, a trial court may suspend the sentence of a non-capital felony after the first conviction only. He has no authority to suspend the sentence of a defendant who has a prior felony conviction. LSA-C.Cr.P. 893; State v. Wimberly, 414 So.2d 666 (La.1982); State v. Jones, 327 So.2d 417 (La.1976); State v. Lee, 436 So.2d 718 (La.App. 4th Cir.1983).
In the present case, the pre-sen-tence investigation report shows that the defendant has prior felony convictions. As a second felony offender, the defendant is not eligible for a suspended sentence, under article 893. Therefore, since his sus *394 pension is “otherwise prohibited” by article 893, his sentence cannot be enhanced by application of article 893.1.
We therefore vacate the defendant’s sentence and remand the case to the trial court for resentencing in accordance with the opinion expressed herein.
SENTENCE VACATED; CASE REMANDED.