476 So.2d 1174 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mason GODFREY, Defendant-Appellant.
No. CR85-159.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1175 Cynthia C. Guillory, Lake Charles, for defendant-appellant.
*1176 Richard P. Ieyoub, Dist. Atty., F. Wayne Frey, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Defendant, Mason Godfrey, was charged with attempted theft and aggravated battery in violation of LSA-R.S. 14:67, 14:27 and 14:34. Defendant pleaded guilty to aggravated battery but was allowed to withdraw his plea because of defendant's misunderstanding of the plea bargain and his contention that he was coerced into pleading guilty. After a bench trial, defendant was found guilty of aggravated battery whereupon the State filed a bill to sentence defendant as an habitual offender. The court found defendant to be an habitual offender, 2nd, and applied 3 enhanced penalties (LSA-R.S. 15:529.1; LSA-R.S. 14:95.2 and LSA-C.Cr.P. Art. 893.1) imposing a sentence of 15 years at hard labor without the benefit of parole, probation or suspension of sentence.
Defendant appeals, urging that the trial court erred: (1) in denying his motion to recuse the trial judge; (2) in that the State's evidence was insufficient to prove defendant's guilt and that he used a dangerous weapon; (3) in sentencing defendant as an habitual offender; (4) by finding that defendant used a gun in the commission of the crime when the gun was not admitted into evidence; and, (5) in imposing an excessive sentence. We affirm defendant's conviction finding that his 15 year sentence was not constitutionally excessive, but vacate the sentence finding C.Cr.P. Art. 893.1 and R.S. 14:95.2 inapplicable, and remand the case for resentencing.

FACTS
On December 15, 1983, Michael Barlow drove defendant and Nathaniel Smith to a Wal-Mart store in Lake Charles. Barlow remained in the car while defendant and Smith approached the garden center, a fenced-in area located adjacent to the parking lot. Defendant and Smith then attempted to steal a ten-speed bicycle by pulling it under the fence. A customer noticed the men trying to steal the bicycle and reported this to a store employee. The store manager, along with several other employees, immediately went to investigate. The store employees observed two black males between automobiles on the north side of the parking lot near the garden center, an area used mainly by the employees. As they approached the automobiles, the two men started toward them and became upset when one of the employees asked about the license numbers on the cars. The two men then administered a beating upon Lonnie Rogers, an employee, whereupon defendant struck Rogers with a gun. The two men then fled the scene on foot.
Defendant's version is that a gang of five whites surrounded them. After words were exchanged, defendant's buddy, despite defendant's attempts to restrain him, began fighting with one of the whites. When a second white joined the fracas, defendant hit him. In response to defendant's friend's insistence, he claims to have wrapped a rag around his rake (comb) and used it to scare the employees. He denies striking the victim and denies ever having a gun in his possession.
The store's employees testified that in response to defendant's friend yelling "shoot the m____ f____; shoot the m____ f____," defendant drew a blue-steel revolver from his coat pocket and struck Rogers twice in the face with the gun.
When defendant's case was called for trial, he entered into a plea bargain wherein he pleaded guilty to aggravated battery under the impression that: he would not receive more than 3 years; the State would nolle prosequi the attempted theft charge; and the State would not file an habitual offender bill, nor a charge of possession of a firearm by a convicted felon. The State admitted the terms of the plea bargain were correct with the exception that it made no agreement with defendant on the number of years he would receive. Immediately *1177 upon entering his plea of guilty, the trial court sentenced defendant to 7 years at hard labor. Defendant objected, alleging the State violated the plea bargain, that he was coerced into pleading guilty, and moved to withdraw his guilty plea. After the trial court interrogated defendant as to his allegations and thoroughly explained to defendant that the State would be released from the earlier plea bargain, it gave defendant the benefit of the doubt and allowed defendant to withdraw his guilty plea, and set aside the 7 year sentence. Subsequently, defendant elected to be tried by judge alone, wherein he was found guilty of aggravated battery. The State then filed an habitual offender bill against defendant, and after a hearing, the trial court found defendant to be an habitual offender, 2nd. The sentencing court made a determination that a firearm was used in the commission of the aggravated battery and applied Article 893.1 and R.S. 14:95.2, imposing a sentence of 15 years at hard labor, without the benefit of parole, probation or suspension of sentence.

RECUSATION
Defendant contends that the district judge, appointed pro tempore to hear the motion for recusal, erred in its refusal to recuse the trial judge. He argues that the trial judge was unable to conduct a fair and impartial proceeding because the same judge issued an order to gag defendant in a past unrelated criminal proceeding.
In a criminal case a judge shall be recused when he is biased, prejudiced, or personally interested in the cause to such an extent that he would be unable to conduct a fair and impartial trial. LSA-C. Cr.P. Art. 671(1). The trial judge is presumed to be impartial. State v. Edwards, 420 So.2d 663 (La.1982). To be entitled to the recusation of a trial judge, an accused must show bias, prejudice, or personal interest of a substantial nature, and such causes must be such that the judge would be unable to conduct a fair and impartial trial. State v. Maduell, 326 So.2d 820 (La. 1976).
Applying those principles to the case at hand, we conclude that no grounds exist for the recusal of the trial judge. The record is void of any evidence that the trial judge could not give defendant a fair and impartial trial. The mere fact that the trial judge presided over a prior criminal proceeding brought by the State against defendant is insufficient to establish the requisite bias or prejudice to order recusal. See State v. Bell, 346 So.2d 1090 (La.1977); State v. Navarre, 292 So.2d 210 (La.1974). Furthermore, we find this issue meritless since defendant waived his right to a jury trial after the denial of his motion to recuse the trial judge.

SUFFICIENCY OF EVIDENCE
Defendant combined assignments of error two and four, arguing that the evidence was insufficient to support his conviction, particularly since the State failed to prove that defendant used a dangerous weapon, and failed to introduce into evidence the gun defendant allegedly used.
The standard of review for sufficiency of the evidence is whether a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where there is direct evidence, the trier of fact weighs the credibility of that evidence and the reviewer under Jackson defers to that trier of fact, assuming the proven facts most favorable to the State. State v. Shapiro, 431 So.2d 372 (La.1983), on rehearing.
Battery is defined, in pertinent part, in LSA-R.S. 14:33 as "... the intentional use of force or violence upon the person of another; ..." Aggravated battery is defined as a battery committed with a dangerous weapon. LSA-R.S. 14:34. A dangerous weapon is defined, in pertinent part, in LSA-R.S. 14:2(3) as an "... instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm." Therefore, a conviction of *1178 an aggravated battery requires proof that (1) a battery was committed (2) upon the person of another (3) with a dangerous weapon. State v. Dunn, 454 So.2d 1301 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 487 (La.1984).
The evidence is overwhelming and shows beyond a reasonable doubt, when viewed in a light most favorable to the prosecution, that defendant struck Rogers in the head with a revolver. The testimony of three eyewitnesses established that defendant repeatedly hit the victim on the head with it. Therefore, the State having clearly met its burden of proof, the trial judge did not err in convicting defendant of aggravated battery.
Defendant's contention that the State failed to introduce the gun into evidence is likewise meritless. Production of the gun is not an element of the crime, therefore, the State was not required to produce the weapon used in the offense. See State v. Lee, 446 So.2d 334 (La.App. 4th Cir.1984).
Therefore, these assignments of error are without merit.

HABITUAL OFFENDER
Defendant contends that the trial court erred in finding him to be an habitual offender. Defendant now asserts that the trial court should not have allowed him to withdraw his original guilty plea after sentencing him to 7 years, and urges us to: (1) reinstate the original 7 year sentence imposed; (2) declare all proceedings after his original sentencing null; and, (3) enforce the original plea bargain.
The trial court is granted great discretion regarding the withdrawal of guilty pleas, but such discretion must not be exercised arbitrarily. State v. Jenkins, 419 So.2d 463 (La.1982). After imposition of sentence, the trial court may properly vacate a plea of guilty and set aside the sentence when it determines that the facts surrounding the guilty plea render it constitutionally deficient. State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977).
In the case at hand, defendant personally raised a contemporaneous objection to the imposition of 7 years, contending, over the adamant protestations of his counsel, that his sentence exceeded that communicated to him by his attorney prior to the entry of his plea of guilty, and that he was coerced into pleading guilty. After a lengthy interrogation, the trial court advised defendant that if it did allow the withdrawal of his guilty plea on these constitutional grounds, the State would be released from the terms of the plea bargain and would be allowed to file an habitual offender bill. Nevertheless, the record shows that defendant intelligently, freely and voluntarily chose to withdraw his plea of guilty. On appeal, defendant has not withdrawn the constitutional objections he raised to his original plea and sentence, and furthermore, he has not attacked the withdrawal of his plea on the grounds that the trial judge failed to apprise him of the consequences of the withdrawal of such plea. Simply stated, defendant maintains that the trial court should not have allowed him to withdraw his guilty plea, although the plea bargain was violated and that he was coerced into pleading guilty; and, in spite of the trial court advising him of the consequences of withdrawing his plea, which released the State from the terms of the plea bargain, he should be sentenced under the terms of the plea bargain.
We find this argument frivolous, as well as meritless. Accordingly, we find that the trial court neither erred in allowing defendant to withdraw his guilty plea nor in adjudging defendant an habitual offender, 2nd.

EXCESSIVENESS OF SENTENCE
Defendant contends that his sentence as a second habitual offender of 15 years at hard labor without benefit of parole, probation or suspension of sentence is excessive.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be *1179 so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
In the case at hand defendant's sentence of 15 years is within the statutory limits. The record shows that the sentencing court properly determined defendant to be an habitual offender, 2nd, based on his convictions of aggravated battery and accessory to manslaughter. In addition, the court noted for the record that defendant has a prior Louisiana conviction for simple burglary, and felony convictions in Texas for aggravated assault of a police officer and escape. In light of defendant's extensive history of violent criminal conduct, we do not find that the sentencing court abused its sentencing discretion in imposing a 15 year sentence.
Although we do not find the imposition of 15 years constitutionally excessive, we do find defendant's sentence illegal because the sentencing court applied C.Cr.P. Art. 893.1 and R.S. 14:95.2 which cannot be imposed under the circumstances of this case for the following reasons.
At the conclusion of the habitual offender hearing, the sentencing court determined that a firearm was used in the commission of the aggravated battery and found that Article 893.1, as well as R.S. 14:95.2 were applicable. Article 893.1 provides:

"When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited; the court shall impose a sentence which is not less than:

(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole." (Emphasis added.)
R.S. 14:95.2 provides:
"A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.

B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.

C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section." (Emphasis added.)
Relying on State v. Wymore, 377 So.2d 283 (La.1979), cert. denied, 447 U.S. 935, 100 S.Ct. 3038, 65 L.Ed.2d 1130 (1980), which held that the habitual offender law made no provision for the imposition of sentence without benefit of parole, probation or suspension of sentence, defendant contends that the sentencing court erred in *1180 imposing a 15 year sentence without the benefit of parole, probation or suspension of sentence.
The sentencing court's otherwise broad discretion to determine the punishment to be imposed upon a defendant is circumscribed by the sentencing limitations created by statute. Accord Whalen v. U.S., 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Only where the legislature authorizes cumulative punishments under such statutes, in a single trial, may the trial court impose cumulative punishment. Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Therefore, the pertinent inquiry is whether the legislature intended the multiple application of R.S. 14:95.2, C.Cr.P. Art. 893.1 and R.S. 15:529.1.
The sentencing court did not allocate its sentencing choice among R.S. 14:95.2, R.S. 15:529.1 and C.Cr.P. Art. 893.1. It is clear, however, under the explicit holding of State v. Wymore, supra, that defendant's sentence as a second offender without benefit of parole, probation or suspension of sentence was not authorized by R.S. 15:529.1. Justification by law of the 15 year sentence to be served without the benefit of parole, probation or suspension of sentence is, therefore, dependent on R.S. 14:95.2 or C.Cr.P. Art. 893.1.
The legislature expressly stated that Article 893.1 was applicable "... when suspension of sentence is not otherwise prohibited,..." As our brethren of the First Circuit pointed out in State v. Charles Williams, 475 So.2d 392 (La.App. 1st Cir.1985):

"Article 893.1 mandates the enhancement of a sentence to one of two specific minimum terms, without benefit of probation, parole or suspension of sentence, whenever `the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited.' By the plain words of the statute, the enhancement provisions of article 893.1 do not apply if the suspension of a defendant's sentence is already prohibited by some other law. See also State v. Victorian, 448 So.2d 1304, 1307 (La.App. 3rd. Cir.1984), on rehearing, writ denied, 452 So.2d 167 (La.1984).

Under LSA-C.Cr.P. art. 893, a trial court may suspend the sentence of a non-capital felony after the first conviction only. He has no authority to suspend the sentence of a defendant who has a prior felony conviction. LSA-C.Cr.P. 893; State v. Wimberly, 414 So.2d 666 (La.1982); State v. Jones, 327 So.2d 417 (La.1976); State v. Lee, 436 So.2d 718 (La.App. 4th Cir.1983).

In the present case, the pre-sentence investigation report shows that the defendant has prior felony convictions. As a second felony offender, the defendant is not eligible for a suspended sentence, under article 893. Therefore, since his suspension is `otherwise prohibited' by article 893, his sentence cannot be enhanced by application of article 893.1." (Emphasis added.)
Therefore, since defendant is an habitual offender, 2nd, his suspension of sentence is "otherwise prohibited" by Article 893, thus the sentencing court erred in applying Article 893.1.
Turning to the application of R.S. 14:95.2, we find that the express language of the statute makes it clear that the legislature intended that the provisions of R.S. 14:95.2 as an additional penalty be imposed only for Title 14 offenses that are specifically enumerated therein. In the instant case, the 15 year sentence was imposed under Title 15, which contains the provisions for the habitual offender. As aforestated, the trial judge found defendant to be an habitual offender and imposed the 15 year sentence under the provisions of R.S. 15:529.1. None of the enumerated crimes in R.S. 14:95.2 fall outside of Title 14. The penalty provision contained in paragraph B of R.S. 14:95.2 specifically states: "The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title...." Therefore, we find that the sentence of an *1181 habitual offender cannot be enhanced under the provisions of R.S. 14:95.2. Thus, the sentencing court erred in enhancing defendant's sentence by applying R.S. 14:95.2. The only legal portion of defendant's sentence was the imposition of 15 years for being found an habitual offender, 2nd. Accordingly, we are constrained to vacate defendant's sentence and remand this case to the learned trial judge for resentencing.

DECREE
For the foregoing reasons, defendant's conviction is affirmed. Defendant's sentence is hereby vacated and set aside, and this case is remanded to the district court for resentencing with instructions consistent with the views expressed herein.
CONVICTION AFFIRMED.
SENTENCE VACATED; CASE REMANDED WITH INSTRUCTIONS FOR RESENTENCING.