DOMENGEAUX, Judge.
Defendant, Rickey James Delcambre, was charged by bill of information with the crime of operating a vehicle while intoxicated, fourth offense, in violation of La.R.S. 14:98. The record reflects that on November 10, 1983, the defendant pleaded guilty to two criminal offenses. The defendant pleaded guilty to the crime of operating a vehicle while intoxicated, fourth offense (Case No. 83-3056, Iberia Parish) and the crime of manslaughter (Case No. 114,857, St. Mary Parish). Although these two unrelated crimes were committed in separate parishes, both offenses occurred in the Sixteenth Judicial District, and in the interest of efficiency the defendant waived venue and entered guilty pleas to both charges in St. Mary Parish and agreed to be sentenced on both charges in Iberia Parish.
Following a presentence investigation, the district judge sentenced the defendant to ten years hard labor on the charge of operating a vehicle while intoxicated, fourth offense, and fifteen years hard labor on the charge of manslaughter. The sentences were ordered to be served concurrently in the custody of the Department of Corrections.
The defendant raises one assignment of error in this case; to-wit: that the district court erred in sentencing the defendant to ten years at hard labor for a violation of La.R.S. 14:98, operating a vehicle while intoxicated, fourth offense, “in that the sentence was excessive under the circumstances.” The defendant avers that the sentence should have been suspended in view of the fact that defendant had no juvenile record, the time span between his first OWI arrest on October 19, 1978, and the present OWI arrest on June 2, 1983, and the fact that no one was injured as a result of any of the four OWI violations.
The district judge was without authority to suspend the sentence of the defendant, in view of the defendant’s prior felony conviction for operating a vehicle while intoxicated, third offense. La.C. Cr.P. Art. 893 allows a trial judge to suspend the sentence “for the first conviction only” which divests the sentencing judge of discretion to suspend a sentence upon conviction of a second felony offense. State v. Wimberly, 414 So.2d 666 (La.1982), and State v. Lee, 436 So.2d 718 (La.App. 4th Cir.1983).
We further hold that the defendant’s sentence was not excessive. La.R.S. 14:98 E provides that on a fourth conviction of operating while intoxicated, “The offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.” The district judge sentenced the defendant to ten years at hard labor, the absolute minimum sentence allowed by the statute. In light of the defendant’s three previous convictions for OWI, his apparent failure to seek rehabilitation for his drinking problem, and his disregard for the safety of others on the highway, a ten year sentence is not excessive.[1]
*660 For the above and foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rain *660 water, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.