WILLIAMS, Judge.
On August 14, 1984, the defendant, Newman Melvin Shief, was charged by a bill of information with possession of heroin, a violation of R.S. 40:966(C)(1). On November 19, 1984, a twelve person jury found defendant guilty. The defendant was sentenced to serve five and one-half years at hard labor without benefit of parole, probation or suspension of sentence.
Our review of the record reveals an error patent favorable to the defendant in the imposition of the sentence “without benefit of parole,” which the defendant has brought on appeal as his sole assignment of error.
The defendant was convicted of possession of heroin, a violation of R.S. 40:966(C)(1). Heroin is a Schedule I substance preceded by an asterisk in R.S. 40:964(B)(11). The penalty provision of R.S. 40:966(C)(1) provides that:
Any person who violates this subsection with respect to:
(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than five thousand dollars.
This statute does not provide that the sentence be served without benefit of parole. State v. Cain, 382 So.2d 936 (La.1980). The trial court erroneously prohibited parole. We, therefore, amend defendant’s sentence to five and one-half years at hard labor without benefit of probation or suspension.
For the foregoing reasons, defendant’s conviction is affirmed and his sentence is amended as provided above.
AMENDED AND AS AMENDED AFFIRMED.