DOMENGEAUX, Judge.
On January 11, 1988, appellant, Lyman Padgett, was charged by bill of information with theft of over $500.00, in violation of La.R.S. 14:67. On May 3, 1988, he entered a plea of guilty, and was subsequently sentenced to five years at hard labor to run concurrently with sentences imposed in other parishes. The trial judge recommended *267 that appellant be housed in a limited security facility. Padgett now seeks review of his sentence based on a single assignment of error.
FACTS
The factual background for the instant offense is revealed by the pre-sentence investigation report contained in the record. Appellant, a 73 year old World War II veteran, organized a company in 1975 engaged in the development and sale of petroleum industry products. With the decline of the domestic oil industry, he sought business supplying foreign oil companies. Like the domestic business, appellant’s hope to make profit abroad proved unsuccessful. During 1985, 1986 and early 1987, appellant wrote a series of bad checks for cash and merchandise in various parishes around the state resulting in the instant charges, as well as prosecutions in numerous other parishes. Appellant alleges he intended to cover the indebtedness represented by the checks with profits from a contract with the government of India which was unexpectedly cancelled. Also, appellant argues he has succeeded in satisfying many of the debts represented by the checks prior to his arrest and at all times intended to cancel the debts.
ASSIGNMENT OF ERROR
Appellant contends the trial judge failed to comply with guidelines requiring articulation of reasons for sentence. He argues the trial court erred in refusing to consider restitution payments made to numerous victims as a mitigating factor and by rejecting, without explanation, the prosecutor’s recommendation of a suspended sentence. Appellant also asserts the sentence imposed is unconstitutionally excessive.[1]
La.C.Cr.P. art. 894.1 provides criteria to follow in imposing sentence and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in imposing sentence to insure that each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982). Even though the sentencing court need not articulate every aggravating and mitigating circumstance contained in art. 894.1, the record must reflect that adequate consideration was given to these guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983); State v. Aucoin, 500 So.2d 921 (La.App. 3rd Cir.1987). Important considerations include the defendant’s personal history, prior criminal record or absence thereof, the severity of the instant offense and the likelihood of recidivism or rehabilitation. State v. Cockerham, 525 So.2d 314 (La. App. 1st Cir.1988). Failure to adequately comply with art. 894.1 does not necessitate remand for resentencing if the record supports the sentencing choice such that the sentence is not apparently severe in relation to the offender and the offense. State v. Smith, 430 So.2d 31 (La.1983); State v. Vizena, 454 So.2d 1291 (La.App. 3rd Cir. 1984). A sentence falling within statutory limitations may still be constitutionally excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). A penalty will be deemed excessive where it is so disproportionate to the crime committed, in light of the harm caused to society, as to shock the reviewing court’s sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Campbell, 404 So.2d 1205 (La.1981). A sentencing court is given wide discretion in the imposition of sentence within statutory limits, and the sentence should not be set aside as excessive in the absence of manifest abuse of the sentencing court’s discre *268 tion. State v. Howard, 414 So.2d 1210 (La.1982).
At sentencing in the instant case, the trial judge permitted appellant to state into the record factors in mitigation of his offense. Appellant admitted being incarcerated in 1956 for forgery but stated he had been pardoned and had led a law abiding life for an extended period until the activity representing the instant offenses. Appellant emphasized that he began making restitution in 1985 before being charged and that he had satisfied over $25,-000.00 worth of indebtedness represented by some of the bad checks. Appellant informed the court his intention to satisfy all debts was thwarted when the country of India cancelled a significant order for his products.
In articulating reasons for sentence, the judge noted that appellant, an elderly businessman with a college education, deprived his victims of assets by misrepresentation. The judge felt that the poor business climate did not act to excuse appellant’s conduct and placed much emphasis on the fact that appellant repeatedly issued worthless checks for cash and merchandise. The trial court relied on the instant flurry of worthless check writing and convictions for several counts of forgery in 1956 in concluding appellant had “a long history of forgery” and was in need of some type of correctional treatment. The trial judge stated a belief that appellant would likely repeat his criminal activity if he became financially pressed in the future. The record justifies such a belief.
Finding no extenuating statutory factors applicable, the trial judge concluded appellant should be incarcerated. The court then imposed a sentence of five years at hard labor with the recommendation, based on appellant’s age, that he be placed in a limited security facility. The trial judge ordered the sentence to run concurrently with any sentence previously or subsequently imposed.
Appellant correctly points out that the trial judge failed to mention restitution made to some of the victims of the worthless checks issued. However, the court’s refusal to consider art. 894.1(B)(6) as a mitigating factor apparently is based on the presentence report showing that the victims of the instant offense had not received restitution as of the date the report was prepared. Also, the “recommendation” of the prosecutor appears unclear. At the guilty plea, the prosecutor noted that he would not recommend a suspended sentence until preparation of a sentencing report but would recommend that the sentence imposed be served concurrently with other sentences imposed. At sentencing, the prosecutor stated he would recommend a three year sentence at hard labor. He did not clearly articulate whether he recommended suspension of sentence.
Where the trial judge adequately articulates reasons for the sentence imposed and the record supports these reasons, a specific articulation rejecting what may or may not be a sentence recommendation by the prosecutor is unnecessary. Furthermore, the transcript rebuts appellant’s allegation that the trial judge refused to consider the “heroic efforts” at restitution. The fact that the court did not place as much emphasis on these restitution efforts as appellant would like does not mean the trial judge failed to consider the issue. Although the trial judge did fail to mention the extended period of time appellant had led a law abiding life before the instant crime spree, the transcript as a whole appears to establish ample consideration of sentencing factors in compliance with art. 894.1.
Appellant places much reliance on two cases which would appear inapposite to his position. In State v. Dorsey, 411 So.2d 447 (La.1982), the court reversed a five year sentence for issuing worthless checks because the offense charged was middle grade theft with a maximum statutory penalty of two years. The case does not stand for the proposition that a five year sentence imposed on a defendant convicted of theft over $500.00 is excessive.
Appellant cites State v. Stampley, 457 So.2d 1238 (La.App. 1st Cir.1984) in arguing two years constitutes the maximum penalty acceptable in the instant case. In *269 Stampley, the defendant pled guilty to two separate counts of forgery, two separate counts of felony theft between $100.00 and $500.00 and two counts of misdemeanor theft. The defendant was sentenced to ten years on each forgery count and two years on one felony theft count. These sentences were ordered to be served consecutively. Sentences on the other offenses were directed to run concurrently. The Stampley court ruled maximum consecutive sentences on the three counts were not excessive.
Appellant’s conviction in the instant matter arose out of a series of separate offenses extending over a period of sixteen months. As noted earlier, the instant offense also coincided with numerous other instances of similar criminal conduct in various other parishes. Although appellant had led a law abiding life for an extended period of time, he does have a prior history of economic crime. Appellant’s conviction resulted in a sentencing exposure of ten years or a fine of $3,000.00, or both. The sentence imposed lies in the middle range of sentencing alternatives. In light of appellant’s activities and the discretion afforded trial courts in imposing sentences within the statutory maximum, appellant’s sentence is not so disproportionate so as to shock our sense of justice.
For the above and foregoing reasons, the sentence is affirmed.
AFFIRMED.

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See, State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir.1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983); State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.