297 So.2d 419 (1974)
STATE of Louisiana, Appellee,
v.
John HAMILTON, Jr., Appellant.
No. 54629.
Supreme Court of Louisiana.
July 1, 1974.
*420 Walter C. Dumas, Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Richard E. Chaffin, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of possession of heroin La. R.S. 40:966(c), and sentenced to five years at hard labor. On his appeal, he relies upon four bills of exceptions.

Bill of Exceptions No. 1
This bill was reserved to the court's allowing the prosecution to amend the bill of information.
The bill of information originally read that the defendant was charged with violating "L.R.S. 40:966(a) in that he knowingly and intentionally possessed a controlled dangerous substance to wit: Heroin." It was amended by substituting the letter (c) in the statute citation for the letter (a). No other change was made.
Subsection A of La. R.S. 40:966 provides for the crime of unlawful manufacture or distribution of an illegal drug. The defendant was charged by the original indictment with unlawful possession of an illegal drug, the crime prohibited by Subsection c. The effect of the amendment was simply to correct the error in the citation of the statute that the defendant was charged with violating.
The original indictment adequately charged "the essential facts constituting the offense charged,"as required by La. C.Cr.P. art. 464. The amendment in the citation was under the circumstances a defect of form which could be corrected at any time. La.C.Cr.P. art. 487. Here, the amendment was made prior to the trial, and there is no showing of any prejudice by the amendment.
Actually, even if the indictment had not been amended to correct the citation, the defendant could not complain. As La.C.Cr.P. art. 464 states: "Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of the conviction if the error or omission did not mislead the defendant to his prejudice."
We find no merit to the bill.
Other Bills
The other bills likewise possess no merit:
Bill No. 2: Under the jurisprudence the male defendant cannot complain of the effective exclusion of females from Louisiana grand petit jury venires. State v. Gray, 291 So.2d 390 (La.1974).
Bill No. 3: The evidence shows that the police officers had probable cause to arrest the defendant for commission of a felony. La.C.Cr.P. art. 213, State v. Smith, 257 La. 1109, 245 So.2d 327 (1971). The trial court therefore properly denied the defendant's motion to suppress the heroin seized, which motion was grounded on the contention that the search was made incident to an unlawful arrest.
Bill No. 4: The defendant moved to quash the petit jury on the ground that, by use of its peremptory challenges, the state had excluded any black from serving as juror for the trial of the defendant, a black. The reason for the use of peremptory challenges by the state is ordinarily not reviewable, State v. Jack, 285 So.2d 204 (La. 1973), at least in the absence of *421 evidence (and there is none here) of a systematic course of excluding blacks from jury service, State v. Gray, 285 So.2d 199 (La. 1973).

Decree
Accordingly, we affirm the conviction and sentence.
Affirmed.
SUMMERS, J., concurs in the result.