CUTRER, Judge.
Defendant, Calvin Minix, was charged by a bill of information with the crime of driving while intoxicated, third offense, in violation of LSA-R.S. 14:98(D). A jury found the defendant guilty and the trial judge sentenced defendant to serve one year in the Calcasieu Parish jail and pay a fine of $750.00. The defendant was also ordered to pay court costs or, in default thereof, to serve an additional three months in the Calcasieu Parish jail.
Defendant moved for an appeal and timely filed written assignments of error. Since this appeal was lodged it has not been pursued by either the defendant or his attorney.
A party’s failure to file a brief in this court results in the loss of the non-filing party’s right to oral argument. Uniform Rules, Courts of Appeal, Rule 2 § 12.12. Further, this court may consider as abandoned any assignment of error which has not been briefed. Uniform Rules, Courts of Appeal, Rule 2 § 12.4. Pursuant to the above rules and, in line with many years of jurisprudence from our Louisiana Supreme Court, we consider the assignments of error raised on defendant’s behalf as being abandoned.
Though the errors specified by defendant’s counsel in his assignments of error are considered abandoned this does not end our review of this case. An error which is discoverable upon a mere inspection of the pleadings and proceedings must be considered by the court on appeal. LSA-C.Cr.P. art. 920(2). Our review of the instant record has revealed such an error. However, as discussed below, the error patent which exists in this record is not a reversible error and the decision of the trial court shall be affirmed.
Defendant was charged with violation of LSA-R.S. 14:98(D). The specific charge reads as follows: “Operating a vehicle while intoxicated, 3d offense.” For the State to successfully prosecute a defendant for this offense it must necessarily prove two prior, valid convictions of operating a *1263 vehicle while intoxicated. The Bill of Information presented by the district attorney attempted to enumerate the defendant’s two previous convictions. As originally prepared, the bill contained the following statement:

“[Tjhat the said CALVIN MINIX is a third offender since he has been convicted in the following instances for the commission of operating a vehicle while intoxicated, to-wit: On the 5th day of March, 1979, in the City Court of Lake Charles, Parish of Calcasieu, State of Louisiana, he was convicted for operating a vehicle while intoxicated, in violation of LSA-R.S. 14:98, and on the 16th day of December, 1980, in the 81st Judicial District Court, Parish of Jefferson Davis, State of Louisiana, he was convicted for operating a vehicle while intoxicated, in violation of LSA-R.S. 14:98.”

At the trial of this matter, on January 4, 1983, the district attorney’s office moved to amend the original Bill of Information to reflect that the defendant’s March 1979, conviction in Lake Charles’ City Court was for a violation of a Lake Charles city ordinance, Lake Charles Ordinance 20:17, rather than for a violation of the Louisiana State Statute, LSA-R.S. 14:98. Over defendant’s objection, the amendment was so ordered. The “error which is discoverable by a mere inspection of the pleadings and proceedings” was made as a result of the amendment. When the Bill of Information was amended to reflect that the March 1979, conviction was a violation of a Lake Charles city ordinance, an over-zealous typist also changed the specified violation for the December 1980, conviction. Thus, the Bill of Information, after amendment, read in part:

“[a]nd on the 16th day of December, 1980, in the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana, he was convicted for operating a vehicle while intoxicated in violation of Lake Charles Ordinance 20:17.”

Obviously, a conviction in the Thirty-First Judicial District Court for the Parish of Jefferson Davis cannot be based on the violation of a Lake Charles city ordinance. Lake Charles is located in Cal-casieu Parish and the Jefferson Davis Parish Court would have no jurisdiction over a violation of the Lake Charles ordinance; further, any conduct which took place in Jefferson Davis Parish could not be a violation of a Lake Charles ordinance. Therefore, as the Bill of Information currently reads, there exists an error on its face. A clerical error, however, does not necessarily warrant reversal of a conviction. State v. Hamilton, 297 So.2d 419 (La.1974).
In State v. Johnson, 404 So.2d 239 (La.1981), the Supreme Court of this state faced a similar question arising from an amended answer to a request for a bill of information.[1] There, the court stated:

“[I]f an indictment states the essential facts of an offense charged, an error or omission in the statutory citation does not require reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. LSA-C.Cr.P. art. 464. The trial court allowed the State to amend its answer to defendants’ bill of particulars to show that the correct statute is LSA-R.S. 40:967. Defendants were not misled by the erroneous citation and the fact that they were charged under the wrong statute is not ground for reversal of their convictions. State v. James, 305 So.2d 514 (La.1974).”

Similarly, in State v. White, 404 So.2d 1202 (La.1981), addressing an argument for remand to the trial court for compliance with the rule requiring a twenty-four hour delay between conviction and sentencing, the high court stated:
“A remand would only serve to lengthen unnecessarily the already substantial delays involved in this case and would in no way further the goal of achieving a fair and just decision on either verdict or sentence. It is illogical for this court to *1264 remand for the reimposition of sentence merely because there is an ‘error’ in the minutes’ lack of an affirmative waiver of the 24-hour delay. Just as non-prejudicial violations of the accused’s statutory rights do not mandate reversal, an error in procedure which does not affect the fundamental fairness of the process does not necessarily require reversal and remand, unless prejudice is shown. C.Cr.P. Art. 921. In fact, C.Cr.P. art. 921 mandates that this court not reverse a judgment because of an ‘error, defect, irregularity or variance which does not affect substantial rights of the accused’. (Emphasis in the original.)
“We accordingly hold that there is no need to equate errors discoverable on the face of the pleadings and proceedings with reversible error. Whether a patent error, like other statutory error, requires reversal must be evaluated in light of the potential impact on the fairness of the proceedings.” (Emphasis added.)
Here, the error patent did not exist prior to trial, the time when an error in a bill of information may cause prejudice to a defendant in the preparation of a defense. The error, by virtue of a clerical mistake, occurred in the retyping of the bill of information. The defendant was informed of the charge against him prior to trial and during the time any defense was being prepared. The defendant was not harmed by the error. The conviction of the defendant, Calvin Minix, for violation of LSA-R.S. 14:98(D) and his sentence are affirmed.
For these reasons, the conviction and sentence are affirmed.
AFFIRMED.

. State v. Johnson, supra, was tried with a companion case, State v. Kelly, 404 So.2d 239 (La.1981). Defendant Kelly sought writs to the United States Supreme Court which were denied at Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).