KNOLL, Judge.
This is Mason Godfrey’s second appeal to this court. In his first appeal, we affirmed defendant’s conviction but vacated his sentence and remanded the case to the district court for resentencing. In this appeal, defendant urges the following assignments of error: (1) the imposed sentence is excessive and constitutes cruel and unusual punishment; and (2) the trial court erred in imposing a 15 year sentence without the district attorney refiling the habitual offender bill. We affirm.
ASSIGNMENT OF ERROR ONE
By this assignment defendant contends his 15 year sentence is excessive and that it constitutes cruel and unusual punishment. We addressed this issue in our earlier decision and found that the 15 year sentence was not constitutionally excessive, *957 but remanded the case for resentencing because the sentencing court improperly applied two enhanced penalty articles (LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2). Defendant argues that it is unclear whether this court actually addressed the issue of excessiveness of sentence in our earlier decision, and if we did, it was pure dicta. We disagree and reiterate herein our treatment of these issues from our earlier decision:
“EXCESSIVENESS OF SENTENCE
Defendant contends that his sentence as a second habitual offender of 15 years at hard labor without benefit of parole, probation or suspension of sentence is excessive.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
In the case at hand defendant’s sentence of 15 years is within the statutory limits. The record shows that the sentencing court properly determined defendant to' be an habitual offender, 2nd, based on his convictions of aggravated battery and accessory to manslaughter. In addition, the court noted for the record that defendant has a prior Louisiana conviction for simple burglary and felony convictions in Texas for aggravated assault of a police officer and escape. In light of defendant’s extensive history of violent criminal conduct, we do not find that the sentencing court abused its sentencing discretion in imposing a 15 year sentence.”
For the aforestated quoted reasons, we do not find defendant’s sentence constitutionally excessive nor cruel and unusual punishment.
ASSIGNMENT OF ERROR TWO
In this assignment, defendant contends the sentencing court erred in imposing a 15 year sentence without the district attorney refiling the habitual offender bill. We disagree. Defendant was adjudicated an habitual offender, 2nd, and after appellate review his conviction was affirmed. State v. Godfrey, 476 So.2d 1174 (La.App. 3rd Cir.1985). The State is not required to refile a bill of information or indictment upon a remand for resentencing. Therefore, this assignment of error is without merit.
DECREE
For the foregoing reasons, the sentence of defendant, Mason Godfrey, is affirmed.
AFFIRMED.
PER CURIAM.
Defendant’s application for a rehearing is denied.
Review of the record reveals that Judge King, while a District Judge of the Fourteenth Judicial District Court, accepted a plea of guilty from defendant pursuant to a plea bargain. At the time of sentencing, on a motion personally made by the defendant, Judge King set aside defendant’s conviction and sentence and permitted the defendant to re-enter his plea of not guilty.
Subsequent to this Judge King was elected to the Third Circuit, Louisiana Court of Appeal.
The defendant was later tried before a jury, at a trial presided over by Judge Warren E. Hood of the Fourteenth Judicial District Court, was convicted and sentenced, and then appealed. Defendant was successful on appeal in having the sentence *958 vacated and set aside and the matter remanded for resentencing, see State v. Godfrey, 476 So.2d 1174 (La.App. 3 Cir.1985). All of these trial proceedings and appellate proceedings were taken without Judge King being involved.
After remand, the defendant was again sentenced by Judge Hood and again appealed the sentence imposed on him. Judge King participated in this second appeal of defendant’s sentence and in the decision rendered by this panel. The second appeal of defendant’s second sentencing, all of which took place after Judge King was elected and serving in the Court of Appeal, was not an appeal involving any judicial act of Judge King in the case in another court. Judge King’s participation in this second appeal was therefore not an appeal of a case in which Judge King had performed a judicial act in the same case in another court, such as would furnish grounds for his recusal on this appeal under the provisions of Louisiana Code of Criminal Procedure Art. 671(5), as the second sentencing and second appeal involved issues unrelated to anything in the original case and first appeal of the case in which Judge King might have performed a judicial act.