KNOLL, Judge.
This case is before us on remand from the Louisiana Supreme Court, 501 So.2d 221 (La.1987), because it determined that one of the judges who participated in the decision, State v. Godfrey, 495 So.2d 956 (La.App. 3rd Cir.1986), should have been recused. In compliance with the Supreme Court’s orders, we now grant defendant’s rehearing.
This is Mason Godfrey’s second appeal to this court. In his first appeal, we affirmed defendant’s conviction but vacated his sentence and remanded the case to the district court for resentencing. In this appeal, defendant urges the following assignments of error: (1) the imposed sentence is excessive and constitutes cruel and unusual punishment; and (2) the trial court erred in imposing a 15 year sentence without the district attorney refiling the habitual offender bill. We affirm.
ASSIGNMENT OF ERROR ONE
By this assignment defendant contends his 15 year sentence is excessive and that it constitutes cruel and unusual punishment. We addressed this issue in our earlier decision and found that the 15 year sentence was not constitutionally excessive, but remanded the case for resentencing because the sentencing court improperly applied two enhanced penalty articles-(LSA-C.Cr.P. art. 893.1 and LSA-R.S. 14:95.2). Defendant argues that it is unclear whether this court actually addressed the issue of excessiveness of sentence in our earlier decision, and if we did, it was pure dicta. We disagree and reiterate herein our treatment of these issues from our earlier decision:

“EXCESSIVENESS OF SENTENCE

Defendant contends that his sentence as a second habitual offender of 15 years at hard labor without benefit of parole, probation or suspension of sentence is excessive.

Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La. 1981); State v. Bonanno, 38j So.2d 355 (La.1980). The sentencing court is given wide discretion in imposing a sentence within statutory limits. State v. Square, 433 So.2d 104 (La.1983). A sentence within the statutory limits should not be set aside as excessive in the absence of a manifest abuse of the 
*1254
sentencing court’s discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982). In the case at hand defendant’s sentence of 15 years is within the statutory limits. The record shows that the sentencing court properly determined defendant to be an habitual offender, 2nd, based on his convictions of aggravated battery and accessory to manslaughter. In addition, the court noted for the record that defendant has a prior Louisiana conviction for simple burglary, and felony convictions in Texas for aggravated assault of a police officer and escape. In light of defendant’s extensive history of violent criminal conduct, we do not find that the sentencing court abused its sentencing discretion in imposing a 15 year sentence. ”

For the aforestated quoted reasons, we do not find defendant’s sentence constitutionally excessive nor cruel and unusual punishment.
ASSIGNMENT OF ERROR TWO
In this assignment, defendant contends the sentencing court erred in imposing a 15 year sentence without the district attorney refiling the habitual offender bill. We disagree. Defendant was adjudicated an habitual offender, 2nd, and after appellate review his conviction was affirmed. State v. Godfrey, 476 So.2d 1174 (La.App. 3rd Cir.1985). The State is not required to refile a bill of information or indictment upon a remand for resentencing. Therefore, this assignment of error is without merit.
DECREE
For the foregoing reasons, the sentence of defendant, Mason Godfrey, is affirmed.
AFFIRMED.