DOMENGEAUX, Judge.
On July 9, 1986, appellant, Wilfred J. Mallett, was indicted for simple burglary, a violation of La.R.S. 14:62. On March 13, 1987 appellant was found guilty by a six-person jury. Prior to sentencing, the State filed an habitual offender bill, alleging appellant had been convicted of four felonies prior to the instant conviction. On May 18, 1987 appellant was adjudicated an habitual offender and was sentenced to imprisonment at hard labor for the remainder of his natural life. Appellant contests his conviction as an habitual offender.
Subsequent to filing this appeal, appellant filed with the Court a motion requesting the assistance of a legal “advisor” at oral argument. This Court ruled in a Per Curiam opinion handed down January 7, 1988 that appellant would not be permitted to delay these proceedings via his motion and that the issue was moot because neither the State nor appellant had requested oral argument.
FACTS
On the night of April 15, 1987 appellant and five principals entered a warehouse owned by Farm Supply Company, Inc. with the intent to commit a felony therein. Appellant was indicted for simple burglary and was found guilty as charged after a trial by jury. Prior to sentencing and after an habitual offender bill had been filed, appellant discharged his attorney and chose to proceed without counsel. The Trial Court advised appellant about the hazards of self-representation, but allowed appellant to represent himself after discussing his background and familiarity with the law.
At the habitual offender hearing, the Court advised appellant of his right to be tried as to the truth of the allegations and further advised appellant that should he choose to deny the allegations the State would be required to prove them beyond a reasonable doubt. The Trial Judge did not advise appellant of his privilege against self-incrimination or that by acknowledging his previous offenses he would be waiving the privilege. Appellant then acknowledged that he was the same individual convicted in the felonies listed in the multiple offender bill.
*1196 In addition to the admission by appellant that he was an habitual offender, a federal probation officer testified that appellant was a probationer under his supervision and testified that appellant was the same individual named in two federal convictions in the habitual offender bill. As further proof of the prior federal convictions, the State introduced certified records showing minutes of the two cases, judgment and committment orders from each case, and cards containing appellant’s fingerprints and picture.
The State also established two previous State felony convictions. To establish a 1981 felony theft conviction, the State introduced an uncertified copy of the original arrest report containing fingerprints and a picture of appellant, certified copies of the bill of information with identifying fingerprints, the plea of guilty form to the charge and the certified minutes evidencing a guilty plea. In order to document a 1982 felony theft conviction the State placed into evidence certified records from the Bureau of Identification showing that conviction with fingerprints from an earlier arrest, an uncertified copy of the bill of information, the certified minutes indicating a guilty plea, a waiver of rights form and the certified guilty plea transcript.
The Judge thereafter adjudicated appellant to be an habitual offender. The Court sentenced him to imprisonment at hard labor for the remainder of his natural life.
Appellant filed four formal assignments of error with the Court. These assignments were not briefed and are, therefore, considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Darson, 470 So.2d 413 (La.App. 3rd Cir.1985), writ denied, 475 So.2d 1102 (La.1985). Furthermore, in his original and supplemental briefs, appellant has asserted three other issues, although no errors were assigned in his formal assignments of error. These arguments are, therefore, also not reviewable. La.Code Crim.Proc. art. 920; Darson, Id. Appellate review in this case, therefore, is limited to a review of the record for errors discoverable on the face of the pleadings and proceedings, without inspection of the evidence. Darson, Id.; State v. Horne, 457 So.2d 893 (La.App. 3rd Cir.1984).
At the habitual offender proceeding, appellant was informed by the Trial Judge of his right to be tried as to the truth of the accusations in the bill. The Court also advised appellant that the State had the burden of proving the allegations should appellant deny them. The Trial Judge failed, however, to advise appellant of his privilege against self-incrimination or that by acknowledging his previous felony convictions he would be waiving the privilege. Appellant then acknowledged being the same individual in the felonies listed in the habitual offender bill.
When a conviction is based on a guilty plea, the issue of whether the defendant was properly “Boykinized” constitutes a review of an “error patent”. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir.1985); Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Also, the failure to adhere to the procedure required in habitual offender proceedings has been held to be an error discoverable by inspection of the proceedings. State v. Easton, 463 So.2d 783 (La.App. 2nd Cir.1985). Therefore, if the Trial Court is required to advise appellant of his privilege against self-incrimination prior to accepting an acknowledgment to accusations in an habitual offender bill, this failure is an error discoverable on the face of the record, without inspection of the evidence. Louisiana Courts have, however, been equivocal in cases reviewing this issue.
In pertinent part, La.R.S. 15:529.1(D) states:
[T]he Court in which the subsequent conviction was had shall cause the person ... to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true_ If ... he acknowledges or confesses in open Court, after being duly *1197 cautioned as to his rights, that he has been so convicted, the Court shall sentence him_ (emphasis added).
In State v. Martin, 427 So.2d 1182 (La.1983), the Louisiana Supreme Court emphasized the distinction between multiple offender proceedings and trials where guilt or innocence is adjudicated. In a footnote, the Court stated that the multiple offender acknowledgment is not the equivalent of a guilty plea and does not require a “Boykin” examination. The Court held that advising the defendant of his right to a formal hearing and the requirement that the State prove his identity is sufficient caution to the defendant in a habitual offender hearing.
In State v. Johnson, 432 So.2d 815 (La.1983), the Louisiana Supreme Court vacated the sentence of a defendant who was required to testify as to his status as a habitual offender. In analyzing the mandates of R.S. 15:529.1(D), the Court emphasized that the right against self-incrimination is not dependent on the nature of a proceeding. The Court stated that the statute recognized a defendant’s right to remain silent and implied that a Court should advise the defendant of that right before the defendant acknowledges a prior felony conviction.
The differing interpretations of the requirements of R.S. 15:529.1(D) have resulted in conflicts within and among the circuits. In State v. Vincent, 439 So.2d 1124 (La.App. 4th Cir.1983), writ denied, 472 So.2d 913 (La.1985), the case was remanded for adjudication of habitual offender status even though defense counsel declared that he had advised defendant of his rights and defendant thereafter freely acknowledged his prior convictions. The Vincent Court stated:
A ruling that the Judge must personally advise the defendant of his right (or perhaps that the record must at least affirmatively show, by counsel’s specific recital of the rights in open Court in the presence of the defendant, that 'the Court’ through counsel has advised defendant of his rights) is required not only by La.R.S. 15:529.1(D) but probably also by the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) that a guilty plea should not be accepted without an affirmative showing in the record of an intelligent and voluntary waiver of the constitutional rights therein yielded. Id. at 1127.
The same Circuit more recently ruled that a court need not inform the defendant of his right to remain silent in a multiple offender hearing. The Court in State v. Jones, 497 So.2d 15, 17 (La.App. 4th Cir.1986), writ denied, 503 So.2d 489 (La.1987), stated, “[i]t is sufficient to show that the Trial Court advised a defendant as to his rights to a formal hearing and to have the State prove its case.”
Two Circuits have followed the rationale that R.S. 15:529.1(D) requires the defendant to be advised by the Court of the right against self-incrimination. State v. Jones, 504 So.2d 920 (La.App. 1st Cir.1987); State v. McIntyre, 496 So.2d 1204 (La.App. 5th Cir.1986).
In reviewing the mandate of R.S. 15:529.1(D), this Court, in State v. Walker, 432 So.2d 1057 (La.App. 3rd Cir.1983), declined to hold that the statute requires a Judge to advise the defendant of the right to remain silent. The Walker case was handed down only two days after the Supreme Court’s Johnson decision. The Court apparently did not have access to the Johnson opinion and relied on earlier cases.
In two recent Writ of Certiorari rulings on the issue, this Court has vacated the sentences of defendants who acknowledged habitual offender status without being cautioned of the privilege against self-incrimination. State v. Landry, 525 So.2d 534 (La.App. 3rd Cir.1987); State v. Long, 524 So.2d 750 (La.App. 3rd Cir.1986). In each, the case was remanded to the District Court for another sentencing hearing.
Although the majority of the cases indicate that a defendant must be advised of his right against self-incrimination at an habitual offender hearing, we do not believe that the Trial Judge’s failure to advise this defendant amounts to reversible error. When a Trial Judge’s actions constitute an *1198 error patent, the error need not result in reversal of the conviction if the error is harmless. La.Code Crim.Proc. art. 921; State v. Minix, 438 So.2d 1261 (La.App. 3rd Cir.1983).
In the instant case, the State did not rely on appellant’s admission to establish the prior felony cónvictions. The State provided documentary evidence to establish the habitual offender status of appellant. Therefore, the failure to advise appellant of his privilege against self-incrimination was harmless.
Appellant argues in brief that the evidence presented to establish his status as an habitual offender was insufficient. Again, the allegation of insufficiency of evidence was not preserved through an assignment of error or in a motion for a new trial. Insufficiency of evidence is not an error that can be reviewed in the absence of an assignment. State v. Temple, 394 So.2d 259 (La.1981); State v. Peoples, 383 So.2d 1006 (La.1980).
For the above and foregoing reasons the conviction of Wilfred J. Mallett is affirmed.
AFFIRMED.