595 So.2d 389 (1992)
STATE of Louisiana,
v.
Leroy Joseph DEMOUCHET.
No. Cr91-657.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Harold Van Dyke, Pineville, for defendant-appellant.
Cliff Strider, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before GUIDRY, J., and MARCANTEL and CULPEPPER, JJ. pro tem.
GUIDRY, Judge.
Defendant, Leroy Demouchet, was convicted of one count of armed robbery, a violation of La.R.S. 14:64, and one count of second degree kidnapping, a violation of La.R.S. 14:44.1. The State then filed a bill of information in which it alleged that the defendant, a second felony offender, should be sentenced on the armed robbery conviction in accordance with La.R.S. 15:529.1, the Habitual Offender Law. The court subsequently adjudged Demouchet a habitual offender because he had previously been convicted of the crime of simple burglary.
The trial court sentenced Demouchet to 50 years at hard labor without benefit of probation, parole or suspension of sentence for armed robbery and 20 years at hard labor for second degree kidnapping, with 10 years to run concurrent with the armed robbery sentence, 10 years to run consecutive, and five years to be without benefit of probation, parole or suspension of sentence. Defendant appealed urging three assignments of error, two of which were not briefed and are considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Mallett, 526 So.2d 1194 (La.App. 3rd Cir.1988), writ granted, case remanded, State ex rel. Mallett v. State, 536 So.2d 1205 (La.1989), appeal after remand, 552 So.2d 28 (La.App. 3rd Cir.1989), writ denied, 550 So.2d 629 (La.1989), writ denied, 556 So.2d 1258 (La.1990), writ denied, 558 So.2d 567 (La.1990); Uniform RulesCourts of Appeal 2-12.4.
The sole assignment of error we need consider concerns validity of the trial court's sentence of defendant on the charge of armed robbery under the Habitual Offender Law to confinement "without benefit of probation, parole, or suspension of sentence". Specifically, defendant asserts that, when the State chose to proceed under the Habitual Offender Law, it necessarily elected that the defendant's sentence be served without benefit of probation or suspension of sentence but with benefit of parole, as provided in La.R.S. 15:529.1(G). Essentially, Demouchet urges that the latter statute is the exclusive method of sentencing habitual offenders and its provisions cannot be supplemented by reference to particular sentence provisions of substantive criminal statutes contained in Title 14 of the Revised Statutes. He urges that to add "without benefit of parole", violates his rights under the Fourteenth Amendment of the United States Constitution and Article 1, Section 20 of the Louisiana Constitution which prohibits excessive sentences. On the other hand, the State urges that, in applying the sentencing provisions of La.R.S. 15:529.1, the court must refer to *390 the sentence provisions of the underlying offense to determine the nature of the sentence to be imposed.
The underlying offense in this case, armed robbery, is contained in La.R.S. 14:64, which provides, in pertinent part:
"B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence." (Emphasis ours)
In State v. Bruins, 407 So.2d 685 (La. 1981), our Supreme Court considered the issue of whether, in sentencing a convicted defendant under the Habitual Offender Law, the trial court should refer to the sentence provisions of the underlying substantive criminal statute. In answering this question in the affirmative, the court reasoned as follows:
"It is not a crime to be an habitual offender. The statute increases the sentence for a recidivist. The penalty increase is computed by reference to the sentencing provisions of the underlying offense. Similarly, the conditions imposed on the sentence are those called for in the reference statute.
One convicted of a second felony is ineligible for probation or suspension of sentence. LSA-C.Cr.P. art. 893(A). An armed robber can be sentenced without benefit of parole under the habitual offender statute. State v. Overton, 337 So.2d 1201 (La.1976). State v. Wilson, 363 So.2d 445 (La.1978) involved an armed robber sentenced as an habitual offender. The opinion states that the `... sentence is without benefit of parole, probation, or suspension of sentence.' 363 So.2d at 447.
Bruins' sentence as an habitual offender based on an underlying conviction of armed robbery should be without parole, probation, or suspension of sentence." Bruins, supra, at 687.
At the time of the Bruins opinion, the Habitual Offender Law contained no separate sentence guidelines. It was not until 1987, when by Acts 1987, No. 774, that the legislature provided for such guidelines in La.R.S. 15:529.1(G). Afterwards, in State v. Richard, 550 So.2d 300 (La.App. 2d Cir. 1989), our brethren of the Second Circuit applied the reasoning of Bruins, supra, in holding that the additional sentence conditions may be imposed over and above those provided for in La.R.S. 15:529.1(G) if those conditions are contained in the underlying substantive criminal statute which the defendant was found to have violated. The court interpreted paragraph (G) as a limitation on the trial court's discretion to suspend or probate a habitual offender's sentence. As a result, the court affirmed an armed robbery conviction under the Habitual Offender Law that provided for ineligibility for parole. Richard, supra, at 307.
While we are not bound to follow the opinions of other circuits of the Louisiana Courts of Appeal, we believe that the Second Circuit's treatment of this issue is logically sound. It is clear that La.R.S. 15:529.1(G), as part of the enhancement statute, was enacted to limit a judge's ability to suspend or probate the sentence of a habitual offender. The statute was not meant to limit the implementation of the sentence provisions found in the individual substantive criminal statutes of Title 14. Accordingly, the trial court did not err in sentencing defendant to confinement "without benefit of parole" since the underlying substantive criminal statute, La.R.S. 14:64, contains such a sentence provision.
The cases cited by the defendant in support of his appeal, namely, State v. Wymore, 377 So.2d 283 (La.1979), cert. denied, 447 U.S. 935, 100 S.Ct. 3038, 65 L.Ed.2d 1130 (1980), and State v. Godfrey, 476 So.2d 1174 (La.App. 3rd Cir.1985), appeal after remand, 495 So.2d 956 (La.App. 3rd Cir.1986), remanded, 501 So.2d 221 (La. 1987), on remand, 507 So.2d 1252 (La.App. 3rd Cir.1987), writ denied, 512 So.2d 440 (La.1987), are not controlling. In those cases, the applicable substantive criminal statutes did not prohibit parole eligibility. In the present case, the applicable underlying substantive criminal statute, La.R.S. 14:64, prohibits parole eligibility.
*391 For the above and foregoing reasons, the defendant's convictions and the sentences imposed are affirmed.
AFFIRMED.